**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL J. WARD,

　　　　Plaintiff-Appellee
　　　　/Cross-Appellant,

　　v.

SIEBEL LIVING TRUST,

　　　　Defendant-Appellant
　　　　/Cross-Appellee,

　　and

THOMAS SIEBEL, JUSTIN
DOOLEY, and FIRST VIRTUAL
MANAGEMENT, INC.,

　　　　Defendants.

No. 08-1475 & 08-1502

(D. Colorado)

(D.C. No. 1:06-CV-00036-WYD-MJW)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HOLMES**, Circuit Judges, and **ARMIJO**,[**] District Judge.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable M. Christina Armijo, District Judge, United States District Court for the District of New Mexico, sitting by designation.

## I. Introduction

In 2006, Plaintiff-Appellee, Michael J. Ward, sued Defendant-Appellant, The Siebel Living Trust (the "Trust"), seeking to recover a commission on the sale of a residential property in Telluride, Colorado. Ward is a registered real estate agent and the Trust was the owner of the residence. Ward alleged, *inter alia*, that the Trust breached an implied duty of good faith and fair dealing under the holdover provision in the listing agreement signed by the parties. The district court denied the Trust's motion for judgment as a matter of law on the good faith and fair dealing claim. The jury found in favor of Ward on the claim and awarded damages for the breach. The district court, however, reduced the Trust's obligation to zero because Ward settled with Justin Dooley, a second defendant, for the full amount of the commission. The court also denied Ward's motion for prejudgment interest and denied the Trust's renewed motion for judgment as a matter of law. The Trust filed the instant appeal, challenging the denial of its motion for judgment as a matter of law premised on its argument the implied duty of good faith and fair dealing applies only when the manner of performance under a contract term is left to a party's discretion. Ward cross-appeals, arguing the district court erred in concluding he is not entitled to prejudgment interest.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **reverses** the denial of the Trust's motion for judgment as a matter of law and **dismisses** Ward's cross-appeal as moot.

## II.  Factual Background

Ward is a real estate broker in Colorado.  In 2004, Ward and the Trust entered into an Exclusive Right-to-Sell Listing Contract (the "Listing Agreement").  Pursuant to the terms of the Listing Agreement, Ward agreed to act as the Trust's broker and agent to list and sell real property owned by the Trust (the "Trust Property").  With extensions agreed upon by the parties, the term of the Listing Agreement ran from April 22, 2004 to April 30, 2005 (the "Listing Period").  If the Trust Property sold during the Listing Period, the Trust agreed to pay Ward a commission of six percent.  After the expiration of the Listing Period, the six-percent commission was payable to Ward if the following terms of the Listing Agreement (the "Holdover Provision") were met:

> b.  When Earned.  Such commission shall be earned upon the happening of any of the following:
>
> . . . .
>
> (3) Any Sale of the Property within 180 calendar days subsequent to the expiration of the Listing Period (Holdover Period) to anyone with whom Broker negotiated and whose name was submitted, in writing, to Seller by Broker during the Listing Period (including any extensions thereof); provided, however, that Seller shall owe no commission to Brokerage Firm under this subsection (3) if a commission is earned by another licensed real estate brokerage firm acting pursuant to an Exclusive Right-to Sell [sic] Listing Contract or an Exclusive Agency Listing Contract entered into during the Holdover Period.

The Trust Property remained unsold at the end of the Listing Period.  The Trust subsequently entered into a new exclusive listing agreement with Stephen

-3-

Cieciuch. During the term of the agreement between the Trust and Mr. Cieciuch, the Trust Property was sold to a buyer with whom Ward negotiated during the Listing Period. The Trust paid a commission to Mr. Cieciuch under the terms of his agreement and, therefore, did not pay a commission to Ward under the terms of the Holdover Provision.

Ward sued the Trust and three other defendants, asserting claims arising from the sale of the Trust Property and the nonpayment of the commission. The matter proceeded to trial. At the close of evidence, the Trust moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) as to all of Ward's claims. The district court denied the Trust's motion and four claims against the Trust were submitted to a jury. The jury returned a verdict against the Trust only on Ward's claim the Trust breached an implied duty of good faith and fair dealing when it refused to pay a commission pursuant to the terms of the Holdover Provision. The Trust renewed its motion for judgment as a matter of law, reiterating its argument that Colorado law only recognizes an implied duty of good faith and fair dealing when the contract term at issue confers discretion on a party as to how an obligation will be performed. The district court denied the motion. Ward, however, settled with a second defendant for the full amount of his commission. The district court ruled Ward could not recover the damages awarded by the jury from the Trust because such recovery would constitute an impermissible double recovery. The court then denied Ward's request for

prejudgment interest, concluding he was not "entitled to prejudgment interest on a judgment amount reduced to zero."

On appeal, the Trust challenges the denial of its motion for judgment as a matter of law. Ward cross-appeals, arguing the district court erred when it concluded he could not recover prejudgment interest.

## III.   Discussion

This court reviews the denial of a Rule 50 motion de novo. *Veile v. Martinson*, 258 F.3d 1180, 1188 (10th Cir. 2001). In the course of that review, we apply "the same legal standard as the district court." *Id.* (quotation omitted). In this diversity action, Colorado law controls the interpretation of the Listing Agreement. *See City of Aurora v. Bechtel Corp.*, 599 F.2d 382, 386 (10th Cir. 1979). "Colorado . . . recognizes that every contract contains an implied duty of good faith and fair dealing." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). That duty, however, applies "only when the manner of performance under a specific contract term allows for discretion on the part of either party." *Id.*

Because the Trust Property sold during the 180-day holdover period, Ward was entitled to a commission under the Holdover Provision if three conditions were satisfied: (1) Ward negotiated with the buyer during the Listing Period, (2) Ward provided the name of the buyer to the Trust in writing during the Listing Period, and (3) no other broker earned a commission on the sale of the Trust Property. The parties do not dispute that these three conditions were not met

because Mr. Cieciuch earned a commission on the sale of the Trust Property. Ward, however, asserted a claim the Trust breached an implied duty of good faith and fair dealing by entering into a new listing agreement that had the practical effect of extinguishing his entitlement to a commission on the sale of the Trust Property. In its motion for judgment as a matter of law, the Trust challenged the submission of Ward's claim to the jury, arguing no duty of good faith and fair dealing applied to the Holdover Provision under Colorado law because that provision did not confer discretion on the Trust to determine the terms of its performance. The district court rejected the Trust's argument, instead agreeing with Ward that the Trust had discretion because it retained the power to enter into a new listing agreement with another broker once the Listing Agreement with Ward expired.

The district court's ruling is inconsistent with Colorado law and, thus, erroneous. In *Amoco Oil Co. v. Ervin*, the defendant entered into lease agreements with its dealers which provided for fixed, monthly rental payments. 908 P.2d at 495. Under the terms of the contracts, however, it also reserved the right to modify future rental payments. *Id*. at 495-96, 499. The lease agreement did not specify how any variable monthly rental would be calculated. At first, Amoco calculated the monthly rental payments based on the sale of gasoline. *Id*. at 495. It then switched to an asset-based calculation. *Id*. at 495-96. The lessees sued, arguing, *inter alia*, that the asset-based calculation resulted in redundant

charges and, therefore, by using that method Amoco breached an implied duty of good faith and fair dealing. *Id.* at 497. The Colorado Supreme Court held the contract contained an implied duty of good faith and fair dealing because "Amoco retained discretion to modify the monthly rental amount," thereby leaving the rental provision "open." *Id.* at 499 ("Under the agreements, Amoco retained discretion to modify the monthly rental amount. . . . By allowing Amoco to adjust the rental terms, the parties, in effect, left these future provisions open.").

Discretion in performance occurs when "the parties, at formation [of the contract], defer a decision regarding performance terms of the contract leaving one party with the power to set or control the terms of performance after formation." *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo. 2006) (quotation omitted). The contact provision in *Amoco* was discretionary because Amoco retained not just the right to modify future rental payments, but also the discretion to determine how those payments would be calculated. That is not the situation presented here. The Trust did not reserve any discretion under the Holdover Provision to control the terms of its performance. For example, the Trust did not retain discretion to approve or reject the names submitted by Ward; it did not retain discretion to alter the amount of the commission; and it did not retain discretion to determine the timing of any payment or the length of the holdover period. If the unambiguous and unequivocal conditions were met, Ward was

-7-

entitled to a specific commission; if the conditions were not met, he was not entitled to the commission.

Ward's argument that the Trust's discretion arose from its retention of the right to enter into a listing agreement with a new broker is flawed. Although the Trust's exercise of its unrestricted right to contract with a new broker ultimately affected Ward's entitlement to the commission, the implied duty of good faith and fair dealing applies only to the performance of obligations owed to one party by the other under a specific contract term that allows for the exercise of discretion. *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1363 (Colo. App. 1994). The obligation owed to Ward under the terms of the Holdover Provision was to pay Ward a commission if the three conditions were met. But, as discussed, *supra*, the Holdover Provision does not allow for the exercise of discretion in the performance of that obligation. Ward's argument fails because he has not identified any provision in the Listing Agreement pursuant to which the Trust owed him a duty with respect to the continued marketing of the Trust Property during the holdover period. The Trust's right to enter into a new listing agreement with a different broker is not restricted in any way by the Holdover Provision or any other clause in the Listing Agreement. Because the Trust owed no obligation to Ward under the Listing Agreement when it exercised its right to retain a new broker, no implied duty of good faith and fair dealing applies to the

Trust's actions and the district court erred when it permitted the good faith and fair dealing claim to go to the jury.

Our conclusion that the district court erroneously permitted Ward's claim to be submitted to the jury renders Ward's cross-appeal on the issue of prejudgment interest moot.

## IV.  Conclusion

The order of the district court denying the Trust's motion for judgment as a matter of law is **reversed** and the matter **remanded** with instructions to enter judgment in favor of the Trust.  Appeal No. 08-1502 is **dismissed** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge